UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Van Norman, et al.                                    Civil Action 2:07-2057

versus                                                Judge Tucker L. Melançon

Traveler's Property Cas. Co. of                       Magistrate Judge C. Michael Hill
America

## MEMORANDUM RULING

Before the Court is plaintiff's, John L. Van Norman, III, Motion for Remand and Incorporated Memorandum to Defendant's Notice of Remand Filed on Behalf of Traveler's [sic] Property Casual [sic] [Rec. Doc. 6]. Travelers Property Casualty Co. of America ("Travelers")removed this action from the Fourteenth Judicial District for the Parish of Calcasieu, State of Louisiana on November 26, 2007 under 28 U.S.C. § 1332 (a).  *R. 1.*  Plaintiff filed this motion to remand on December 19, 2007. Travelers filed no opposition memorandum to plaintiff's motion.[1]

The party invoking federal subject matter jurisdiction bears the burden of establishing that jurisdiction. *St. Paul Reinsurance Company, Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998).  When federal jurisdiction is premised upon diversity, the burden involves establishing that the jurisdictional amount requirement of a sum in excess of $75,000.00, exclusive of interest and costs, is satisfied. *Id.*

---

[1] Under *L.R. 7.5W*, defendant's deadline to file a response to plaintiff's motion was 15 days after service of the motion.

(citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "A case may be removed unless it appear[s] to a legal certainty that the claim is ... for less than the jurisdictional amount." *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir.1993)(quoting *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.* 988 F.2d 559, 565-566 (5th Cir.1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir.1998)).

To support federal jurisdiction over this case, Travelers has offered only its notice of removal, which states without any elaboration, "the amount in controversy exceeds $75,000 excluding interest, costs and attorney's fees." *R. 1*. Travelers has not offered any facts to support its valuation of plaintiff's claims. Plaintiff has filed a sworn affidavit in his motion affirming that "his damages are below $75,000 and that any award in HIS favor shall be limited to less than $75,000. Nothing submitted by Travels even suggests the contrary." *R. 6, Aff. Of Van Norman.*

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting

2

forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.); *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999). "The jurisdictional facts that support removal must be judged at the time of the removal. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia* at 883 (internal citations omitted).

In determining the amount in controversy, the complaint is first examined to determine whether it is "facially apparent" that the claim exceeds the jurisdictional amount. *Greenberg*, 134 F.3d 1253. If the amount is not apparent, the court may rely on "summary judgment-type" evidence in determining the amount in controversy. *Id*. The removing party does not satisfy the burden of establishing jurisdiction when: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the jurisdictional amount]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *ANPAC*, 988 F.2d at 566.

Plaintiff filed this action based on a business commercial insurance policy, including coverage for business property, accounts receivable, valuable papers,

interruption of business operation and restoration of business, for damages caused by Hurricane Rita.  Plaintiff alleges that he submitted a satisfactory proof of loss and defendant made partial payments, but then refused to make further payments that are owed.  In his complaint, plaintiff states causes of action under La. Rev. Stat 22:658 and La. Rev. Stat 22:1220.[2]  As plaintiff's complaint provides that defendant has made "partial payments" but provides no monetary amount, it is not otherwise facially apparent that the damages sought or incurred are likely above the jurisdictional amount.  Defendants have offered only a conclusory statement in their notice of

---

[2]LSA-R.S. 22:658 provides in pertinent part:
A. (1) All insurers issuing any type of contract ... shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured
. . . .
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor  ... when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured ... or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.

LSA-R.S. 22:1220 provides in pertinent part:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
. . . .
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

removal that is not based on direct knowledge about the claims. Plaintiffs have timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy is not present.

In light of the record before the Court, Travelers has failed to carry its burden of showing by a preponderance of the evidence that plaintiff's claims against it necessarily involve an amount in controversy greater than $75,000.00. Accordingly, plaintiff's motion to remand will be granted on the grounds that the Court is without jurisdiction over the subject matter of this action.